## CIRCUIT COURT OF FAUQUIER COUNTY

Litten

v.

Smith

January 17, 1996

Case No. (Law) CL95-225

BY JUDGE WILLIAM SHORE ROBERTSON

By an Order entered January 3, 1996, the Court took under advisement the defendant's demurrer upon the memoranda of counsel. After considering the memoranda filed, the Court will overrule the defendant's demurrer.

The seminal issue on the pleadings is whether the plaintiff may maintain an action for wrongful termination of employment by reason of his age or perceived disability. The defendant's demurrer impliedly asserts that Va. Code § 2.1-725(B)(C) bars this action because the plaintiff does not fit within the ambit of that Section. However, those provisions were enacted effective July 1, 1995, after this alleged cause of action arose (August 1, 1994) and after it was filed (June 29, 1995). *Easley v. First Union National Bank*, CL95-897 (Circuit Court of Roanoke, October 23, 1995), and *Ecklund v. Fuisz Technology, Ltd.*, C.A. No. 95-469-A (E.D. Va. Nov. 7, 1995). Further, such amendments must be viewed prospectively rather than retroactively. Va. Code § 1-16. See also *Ferguson v. Ferguson*, 169 Va. 77 (1937).

The broader issue is whether this action is permitted at all in Virginia. While Virginia adheres to the common law doctrine of employment-at-will, the rule is not absolute as where the discharge violates public policy. *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). Relying upon the *Bowman* exception, the Supreme Court of Virginia has held that while the

then existing provisions of Va. Code § 2.1-725 do not create any new cause of action, individuals in Virginia may pursue employment free of discrimination based on race or gender. *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994). As the dissent in *Lockhart* notes, "the majority merely salutes this statute [Va. Code § 2.1-715 et seq.] in passing . . . ." *Id.* at 106. Even so, the majority cites Va. Code § 2.1-715 as the Commonwealth's strong public policy against employment discrimination based upon race or gender. It is true that the Supreme Court of Virginia has not itself declared age and disability discrimination violations of Virginia Public Policy. *Bailey v. Scott Gallaher, Inc.*, CL95-742 (Circuit Court of Roanoke, Dec. 19, 1995). However, since Va. Code § 2.1-715 states also that individuals within the Commonwealth are safeguarded from unlawful discrimination because of age or disability, it would be incongruous for a trial court to conclude that the safeguards as to age or disability would be treated differently than those of race or gender. For a recent decision on this issue, see *Lawrence Chrysler Plymouth Corporation v. Brooks*, _____ Va. _____ (1996), decided January 12, 1996.

The defendant is granted leave to file a further responsive pleading within twenty-one days of the entry of this order.